NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:  (213) 622-9100
Facsimile:   (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL,<br><br>Plaintiff,<br><br>vs.<br><br>TEXAS PLUMBING SERVICES, LLC, a Texas limited liability company, doing business as GOOD FLOW PLUMBING; DARREL SCOTT PHARES, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL'S COMPLAINT FOR:**<br><br>**1. BREACH OF BUSINESS LOAN AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.   Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2.   Defendant Texas Plumbing Services, LLC d/b/a Good Flow Plumbing ("Good Flow") is, and at all times relevant to this action was, a Texas limited liability company, doing business in the County of Travis, State of Texas.

3.   Defendant Darrel Scott Phares ("Phares") (collectively, with Good Flow, "Defendants"), an individual, is and at all times relevant to this action was, a resident of the County of Travis, in the State of Texas, and was an officer, director, member, agent and/or owner of Defendant Good Flow.  Phares is a citizen of the State of Texas, and based on information and belief, including the Driver's License submitted by Phares to Balboa, Phares is domiciled in Georgetown, Texas.

4.   Based on my office's research, and upon information and belief, Phares and Joel G. Robb ("Robb") are the sole members of Defendant Good Flow. Based on my office's research, and upon information and belief, Robb is a citizen of the State of Texas.  Thus, Good Flow is a citizen of the State of Texas.

5.   Plaintiff is informed and believes and thereon alleges that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6. The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7. Pursuant to the Business Loan Agreement and the Guaranty described herein below, Defendants agreed that those documents would be governed by the laws of the State of California. In addition, in pertinent part, the Business Loan Agreement provides:

> **15. CONSENT TO EXCLUSIVE AND MANDATORY JURISDICTION AND VENUE OF CALIFORNIA.** Borrower and Lender submit to the jurisdiction of California and agree that any action or proceeding to enforce this Agreement or arising out of this Agreement will be exclusively commenced, initiated and litigated in the California State Courts located in Orange County and/or in the United States District Court for the Central District of California, Santa Ana Division.

8. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1332(a).

9. Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Good Flow is a citizen of the State of Texas; and Phares is a citizen of the State of Texas. As such, none of the Defendants are citizens of California or Georgia, and there exists complete diversity of citizenship between the parties. Lastly, the amount in controversy exceeds $75,000.

10. <u>Venue</u>. The venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. §84(c)(3).

11. All officers of Balboa, including all witnesses, and all documents of Balboa are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

# FIRST CAUSE OF ACTION

## (Breach of Business Loan Agreement)

## (Against Good Flow)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. In or prior to November 2023, Balboa is informed and believes that Good Flow initiated and engaged with Eagle Ikon, LLC at 17070 Collins Ave #250, Sunny Isles Beach, FL 33160 (the "Finance Broker"), in order to coordinate the acquisition and finance the business loan.

14. Balboa is informed and believes, and therefore alleges, that the Finance Broker initiated and coordinated the submission of Defendant's electronic loan applications to Balboa. Upon review, the Finance Broker concluded that Balboa offered agreeable financing terms commensurate with Defendant's requirements. Thereafter, the Finance Broker accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from the Defendants to obtain its business loan.

15. On or about November 13, 2023, Good Flow was provided a certain written Business Loan Agreement No. F488848-000 (the "BLA"). Under the terms of the BLA, Balboa loaned to Good Flow the sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00), solely to be used for commercial purposes and not for personal, family or household purposes. The terms of the BLA required Good Flow to make eighty (80) weekly payments of $2,265.63. A true and correct copy of the BLA is attached as **Exhibit A** and incorporated herein by reference.

16. The terms of the BLA incorporate by reference the terms of the Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debit) (the "AA"). Pursuant to the AA, Good Flow agreed to enroll in the Automatic Payment Plan and authorized Balboa to collect payments required under

the terms of the BLA from a checking account designated by Good Flow.  Good Flow provided the bank account information, which made it possible for Balboa to electronically debit payments under the BLA.  The terms of Balboa's Automatic Payment Plan included in the AA provide, in pertinent part, as follows:

> **AUTOMATIC PAYMENT PLAN:** Enrollment in Lender's Automatic Payment Plan is required for loan approval and consideration. By signing below, Borrower agrees to enroll in this Automatic Payment Plan and authorizes Lender or its designee to collect payments required under the terms of Borrower's Business Loan Agreement by initiating automated clearing house ("ACH") Debit entries to the checking account indicated below . . . If Borrower revokes the authorization or Lender suspends or terminates Borrower's enrollment in the Automatic Payment Plan, Borrower still will be responsible for making timely payments pursuant to the alternative payment methods described in the Business Loan Agreement.

A true and correct copy of the Authorization Agreement for Direct Deposit (ACH Credit) and Direct Payments (ACH Debit) initialed by Phares, the President of Good Flow, is attached hereto as **Exhibit A (Page 2)** and incorporated herein by reference.

17.   Paragraph 13(a) of the BLA provides that an "Event of Default" will constitute, without notice or demand, a default under this Agreement and all other agreements between Lender and (a) Lender is unable to collect any Automatic Payment Plan payment on three consecutive dates due and/or, Borrower fails to pay any Obligations on three consecutive dates due…"

18.   On November 13, 2023, and in connection with the BLA, Good Flow executed and delivered to Balboa a Promissory Note, "in connection with that certain Business Loan Agreement No. F488848-000 (the "Note").  In addition, Phares, personally guaranteed the terms of the Note.  The Note confirmed, and Defendants acknowledged and promised to pay Balboa the Total Repayment Amount as shown on the first page of the BLA and to comply with the Payment Schedule included in the BLA.  Moreover, the Note confirmed Defendants'

1  agreement to enroll in and initiate all payments or transfers to Balboa in accordance
2  with the AA.  A true and correct copy of the Note is attached hereto as **Exhibit A**
3  <u>(Page 7-8)</u> and incorporated herein by reference.

4      19.    The last payment received by Balboa was credited toward the weekly
5  payment due for April 29, 2024.  Therefore, on or about May 20, 2024, Good Flow
6  breached the BLA by failing to make three consecutive weekly payments.
7  Moreover, no further payments have been made since May 20, 2024.  Good Flow's
8  failure to make timely payments is a default under the terms of the BLA, and the
9  terms of the Promissory Note.

10      20.    As of the date of the filing of Balboa's Complaint, there became due
11  the sum of **$126,875.28**, in unpaid obligations, which are exclusive of interest, and
12  attorney's fees and costs.  No portion of such sum has been paid by Good Flow.

13      21.    Balboa has performed all of the terms, conditions, and covenants
14  required to be performed by Balboa under the terms of the BLA, except as excused
15  or prevented by the conduct of Good Flow.

16      22.    As a proximate result of Good Flow's breach of the BLA Balboa has
17  been damaged in the total sum of $126,875.28, plus prejudgment interest from May
18  20, 2024, until the entry of judgment herein.

19      23.    Under the terms of the BLA, Good Flow promised to pay all costs,
20  including reasonable attorneys' fees, incurred by Balboa in the enforcement of the
21  BLA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys'
22  fees and costs.

**SECOND CAUSE OF ACTION**

**(Breach of Personal Guaranty)**

**(Against Phares)**

26      24.    Balboa alleges and incorporates by reference each and every allegation
27  contained above, inclusive, as though each were fully set forth here.

28

25.     Concurrent with the execution of the BLA, and in order to induce Balboa to enter into the BLA with Good Flow, Phares guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the BLA (the "Guaranty").  The Guaranty is incorporated into the BLA in Section 27.  See **Exhibit A (Page 6, Section 27)**.

26.     Following a default by Good Flow under the terms of the BLA, Balboa demanded Phares make the payments required under the BLA.  Phares failed to meet the Guaranty obligations and make the payments required under the BLA.

27.     Pursuant to the terms of the Guaranty, $126,875.28, plus prejudgment interest from May 20, 2024, until the entry of judgment herein, is due and payable to Balboa from Phares.  This Complaint, in addition to previous demands, shall constitute further demand upon Phares, to pay the entire indebtedness due and owing under the terms of the BLA, from Good Flow to Balboa.

28.     Under the terms of the Guaranty, Phares promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the BLA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Phares.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

### On All Causes Of Action

1.     The principal sum of $126,875.28;

2.     Prejudgment interest from May 20, 2024, to the date of entry of judgment;

3.     Reasonable attorneys' fees and costs;

4.     Costs of suit as provided by law; and

//

//

5. Such other fees and further relief that the Court considers proper.

DATED: July 16, 2024         SALISIAN | LEE LLP

By: _____
    Neal S. Salisian
    Glenn Coffman
    Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL